**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: GRANT HARDEN BAILEY;
LINDA GEORGINA BAILEY,
<u>Debtors.</u>

CHEVY CHASE BANK,
<u>Plaintiff-Appellant,</u>                                          <u>No. 97-2691</u>

v.

GRANT HARDEN BAILEY;
LINDA GEORGINA BAILEY;
US TRUSTEE,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CA-97-808-2, BK-97-20869)

Argued: June 5, 1998

Decided: July 7, 1998

Before MURNAGHAN and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Thomas William Repczynski, FITZPATRICK & RAF-
TERY, P.C., Fairfax, Virginia, for Appellant. Glenn Rayburn Tanker-

sley, REGENCY LEGAL CLINIC, Virginia Beach, Virginia, for Appellees. **ON BRIEF:** Kevin M. Fitzpatrick, FITZPATRICK & RAFTERY, P.C., Fairfax, Virginia, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Chevy Chase Bank appeals from the district court's affirmance of the bankruptcy court's confirmation of the Baileys' Chapter 13 bankruptcy plan. Chevy Chase argues that because it is a secured creditor with an allowed claim, the plan as formulated could not be confirmed over its objection. Cf. 11 U.S.C. § 1325(a)(5). Because we conclude that Chevy Chase does not hold an allowed secured claim, we affirm the district court.

Chevy Chase makes two arguments on appeal. First, it maintains that its claim is deemed to be an allowed secured claim under 11 U.S.C. § 502(a) because no party in interest objected to its proof of claim, which listed the claim as secured. This misconstrues the function of § 502(a). Had an objection to Chevy Chase's proof of claim been made, the bankruptcy court would have "determine[d] the amount of such claim in lawful currency of the United States." See 11 U.S.C. § 502(b) (emphasis added). Accordingly, when no objection is raised, only the monetary amount of the claim is "deemed allowed" by § 502(a). The fact that Chevy Chase described its claim as secured in its proof of claim is irrelevant. The determination of an allowed claim's secured status is an independent inquiry governed by 11 U.S.C. § 506 that is not affected by the failure to object to a proof of claim. We therefore hold that a claim does not attain secured status simply because it is "allowed" under § 502(a).

Second, Chevy Chase argues that the district court erred in ruling that it did not have a secured claim on the ground that an Article 9

2

security interest can never attach in ordinary building materials that are incorporated into an improvement on land. We agree with the district court that the Virginia Code does not recognize a security interest in such materials. See Va. Code Ann. § 8.9-313(c)(2) (Michie 1991). Instead, a creditor must obtain "an encumbrance upon fixtures pursuant to real estate law" in order to secure its claim. See id. § 8.9-313(c)(3). We therefore affirm this second issue on the reasoning of the district court. See Chevy Chase Bank v. Bailey, Civ. No. 2:97cv808, slip op. at 4-6 (E.D. Va. Nov. 3, 1997).

AFFIRMED

3